J-A13021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GARY AVENT JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A. BOB'S TOWING, MIKINA | : | No. 1467 EDA 2020 |
| HARRISON  AND ROBERT HARRISON | : | |

Appeal from the Judgment Entered August 6, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180301039

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    Filed: October 21, 2021

Appellant, Gary Avent Jr., plaintiff below, appeals from an August 6, 2020 final judgment of the Philadelphia Court of Common Pleas, following a jury verdict in favor of Appellees A. Bob's Towing, Mikina Harrison, and Robert Harrison.  After careful review, we affirm.

This matter arises from a March 26, 2016 incident in which Appellant fell while delivering mail to Appellees' property.  An eyewitness, Alberto Alvarez, saw Appellant fall and approached him to see if he needed help.  As the two talked, they recognized each other from high school, and Mr. Alvarez gave Appellant his contact information in case Appellant later needed a witness.  During the course of his initial investigation, Appellant hired a private investigator who took Mr. Alvarez's signed statement describing the incident.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant filed a negligence claim on March 12, 2018. During discovery, he produced the witness statement to Appellees. Appellees subpoenaed Mr. Alvarez for deposition, but Mr. Alvarez failed to appear.

A two-day trial commenced on January 6, 2020. Both parties included Mr. Alvarez on their witness lists and proposed *voir dire*. However, Appellant did not attempt to contact Mr. Alvarez until three days before trial and failed to serve him with a trial subpoena. Appellees, assuming that Appellant would call Mr. Alvarez during his case in chief, likewise did not subpoena Mr. Alvarez. Mr. Alvarez did not appear at trial.

During opening arguments, Appellees' trial counsel referred to Mr. Alvarez as a possible witness, and to "serious discrepancies between what's in the witness statement and what the story that Mr. Avent is going to allege." Tr. Ct. Op. at 4. The trial court allowed the comments to stand over Appellant's objection.

At the close of trial, Appellees requested that the trial court instruct the jury that it would be permitted to infer, based on Appellant's failure to call Mr. Alvarez to the stand, that Mr. Alvarez's testimony would have been unfavorable to Appellant. The trial court granted the request over Appellant's objection.

The jury returned a verdict in favor of Appellees on January 7, 2020. On January 17, 2020, Appellant moved for a new trial, based on the prejudicial effect of the Appellant's opening statement and the missing witness instruction. On June 8, 2020, after delays in the briefing schedule as a result

of the Covid-19 pandemic, the court denied the motion. Appellant filed a Notice of Appeal on July 7, 2020. On August 6, 2020, the trial court entered an order of final judgment.

Appellant raises the following issues on appeal:

1. Did the trial court err or abuse its discretion by not ordering a new trial following Appellees' highly prejudicial opening remarks concerning an eyewitness to Appellant's fall, commentary on the veracity of the witness['s] written statement, and speculation as to the basis for anticipated absence at trial, when there was no good faith basis to believe that the witness would appear at trial or that his statement would be admitted into evidence?

2. Did the trial court err or abuse its discretion by instructing the jury that they could draw a negative inference against Appellant for not presenting the eyewitness as a part of his case when the witness was equally available to both sides?

3. Did the trial court err or abuse its discretion by not ordering a new trial after improperly instructing the jury that they could draw a negative inference against Appellant for not presenting the eyewitness as a part of his case when the witness was equally available to both sides?[1]

Appellant's Br. at 4.

**References in Opening Argument**

Appellant first argues that the references to Mr. Alvarez's statements in Appellees' opening argument were improper. He avers "the jury was not only

---

[1] Appellant's Statement of Questions Involved also includes a catch-all question, not included in his Rule 1925(b) Statement of Matters Complained of on Appeal, of whether Appellant is entitled to new trial on all issues "due to the numerous errors and abuses of discretion during the trial." Appellant's Br. at 4. By failing to include this question in his Rule 1925(b) statement, Appellant waived this issue. *Com. v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

made aware of a material eyewitness who may not appear to testify, but also that there was a statement from said witness that they were never permitted to review directly." **Id.** at 19. Accordingly, he contends, the trial court abused its discretion in overruling his objection.

Courts generally "afford[ counsel] reasonable latitude in presenting opening arguments to the jury." **Com. v. Parker**, 919 A.2d 943, 950 (Pa. 2007). Opening arguments are not evidence, and courts regularly instruct juries that they are to consider only the evidence presented at trial to reach their verdicts. **See** Pa. Suggested Standard Civil Jury Instructions § 1.107 (5th. Ed. 2020) (emphasizing that the purpose of an opening statement is to give counsel the opportunity to present "a summary of what the lawyer expects the evidence will show [and highlight] the disagreements and factual differences between the parties in order to help [the factfinder] judge the significance of the evidence when it is presented.")

Courts will grant a new trial only where "the unavoidable effect of the conduct or language was to prejudice the factfinder to the extent that the factfinder was rendered incapable of fairly weighing the evidence and entering an objective verdict." **Poust v. Hylton**, 940 A.2d 380, 385 (Pa. Super. 2007) (citation omitted). In assessing whether the factfinder could not fairly weigh the evidence because of statements made in counsel's opening statement, we consider the circumstances under which the statements were made and the precautions the trial court took to alleviate any prejudice. **Hill v. Reynolds**, 557 A.2d 759, 765–66 (Pa. Super. 1989). We will only reverse a trial court's

- 4 -

decision not to grant a motion for new trial if the moving party can establish that "the remark is obviously prejudicial." ***Poust***, 940 A.2d at 382 (citation omitted). By contrast, when "anticipated, and unproduced, evidence is not touted to the jury as a crucial part of the [plaintiff's] case, it is hard for us to imagine that the minds of the jurors would be so influenced by such incidental statements during [a] long trial that they would not appraise the evidence objectively and dispassionately." ***Frazier v. Cupp***, 394 U.S. 731, 736 (1969) (citation and internal quotations omitted).

Based on our review of the record, we agree with the trial court's observation that "[t]here is no evidence here that the brief remarks of defense counsel so prejudiced the jury that they were improperly compelled to find in favor of [Appellees]." Tr. Ct. Op. at 4. The trial court allowed Appellee's trial counsel to lay out the facts that he intended to prove at trial, and the conclusions that he believed they would support. After counsel's opening statement, the court instructed the jury that it was the sole factfinder, and that it alone was responsible for judging any witness's credibility and weighing the evidence presented to it. N.T. Trial, 1/6/20 at 35-3.

As such, the record does not support Appellant's contention that counsel's comment during oral argument prevented the jury from fairly weighing the evidence or entering an objective verdict. Rather, when we view counsel's comments in the context of his entire opening argument and the trial, Appellant suffered no prejudice. Thus, this claim fails.

**Missing Witness Instruction**

Appellant also argues that the trial court erred when it instructed the jury that it was permitted to draw an adverse inference from Mr. Alvarez's absence at trial. Appellant argues that Appellees were not entitled to this missing witness instruction because Mr. Alvarez was equally available to both parties. Appellant's Brief at 22-23.

A missing witness instruction allows, but does not require, the jury to infer from a party's failure to call a potential witness that the witness' testimony would have been unfavorable to that party. *Kovach v. Solomon*, 732 A.2d 1, 8–9 (Pa. Super. 1999). The instruction is only proper, however, "when a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not be merely cumulative." *Id.* (citation and emphasis omitted). We will not disturb a trial court's exercise of discretion to issue the instruction absent manifest abuse. *Hawkey v. Peirsel,* 869 A.2d 983, 988-989 (Pa. Super. 2005).

Whether the witness is equally available to both sides "is not an abstract concept but a fact-based matter." *Id.* at 986. In determining whether a witness was equally available to both parties, courts will consider, among other things, "the party's ability to obtain the witness' presence in court or at a deposition by the exercise of reasonable diligence, the party's opportunity for advance knowledge of the substance of the witness' testimony, and the

likelihood of bias on the witness' part." **Kovach**, 732 A.2d at 11 (citation omitted).

Here, the trial court concluded the witness was not equally available to both parties. The court noted that, based on Mr. Alvarez's social history with Appellant, his cooperation with Appellant's private investigator, and his failure to respect Appellees' notice of deposition, Appellant had superior access to Mr. Alvarez. The record supports the conclusion, and thus the court did not abuse its discretion when it included the missing witness instruction in the jury charge.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/21